OPINION OF THE COURT
Memorandum.
Order modified by providing that the branch of landlord’s motion which sought restoration of the proceeding to the trial calendar is granted and the branch of the motion which sought to amend the petition to include all unpaid rent which accrued prior to restoration is denied without prejudice to renewal in the court below; as so modified, affirmed without costs.
Contrary to the opinion of the court below, the stipulation of settlement does not contain an express or implied condition that landlord was to complete the specified repairs before it could move to have the proceeding restored to the trial calendar upon tenant’s default in making the required payments. As a result, landlord is not required to allege in its moving papers that the repairs were completed (see, 2160-2164 Caton v Epps, NYLJ, May 6, 1998, at 31, col 4 [App Term, 2d & 11th Jud Dists]). Since the affidavit in support of landlord’s motion sufficiently demonstrated tenant’s default in making payments, that branch of landlord’s motion should be granted insofar as it sought restoration (see, 2160-2164 Caton v Epps, supra). Notwithstanding the fact that landlord’s motion was unopposed, insofar as it sought a final judgment and warrant of eviction, landlord is not entitled to such relief. As landlord based its claim for such relief solely upon a breach of the stipulation which, by its terms, only authorizes restoration of the proceeding to the trial calendar and does not authorize entry of a final judgment, tenant’s default only constituted a concession that she breached the stipulation.